IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGENERA, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>CISCO SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No. 1:16-cv-11613-RGS<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF MICHAEL R. RHODES IN SUPPORT OF
DEFENDANT CISCO SYSTEMS, INC.'S MOTIONS FOR SUMMARY JUDGMENT
AND TO EXCLUDE THE TESTIMONY OF EGENERA INC.'S EXPERTS**

I, Michael R. Rhodes, declare that:

1. I am an attorney at the law firm Desmarais LLP, counsel for defendant Cisco Systems, Inc. ("Cisco"), in the above captioned matter. I am admitted *pro hac vice* to this Court. I submit this declaration based on personal knowledge, and if called upon as a witness, I could competently testify to the truth of each statement herein.

2. I make this declaration in support of: Cisco Systems, Inc.'s Motion For Summary Judgment Of Noninfringement Of U.S. Patent No. 7,231,430; Cisco Systems, Inc.'s Motion For Summary Judgment Of No Pre-Suit Damages, Indirect Infringement, Or Willfulness; Cisco Systems, Inc.'s Motion For Summary Judgment Of Invalidity U.S. Patent No. 7,231,430; Cisco Systems, Inc.'s Motion For Summary Judgment of No Injunctive Relief; Cisco Systems, Inc.'s Motion To Exclude The Infringement Opinions Of Dr. Mark Jones; and Cisco Systems, Inc.'s Motion To Exclude The Reasonable Royalty Opinions Of Dr. Ryan Sullivan.

3. Attached hereto as Exhibit 1 is a true and correct copy of U.S. Patent 7,231,430.

4.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the prosecution history of U.S. Patent No. 7,231,430 bearing Bates number EGENERA00000324.

5.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts from the "Patent Owner's Preliminary Response to Petition for *Inter Partes* Review of U.S. Patent No. 7,231,430," served on August 16, 2017.

6.      Attached hereto as Exhibit 4 is a true and correct copy of excerpts from the Expert Report of Dr. Mark Jones served on April 20, 2018.

7.      Attached hereto as Exhibit 5 is a true and correct copy of excerpts from Appendix A to the Expert Report of Dr. Mark Jones served on April 20, 2018, (annotations added for clarity) FILED UNDER SEAL.

8.      Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the Rebuttal Expert Report of Dr. Mark Jones served on May 25, 2018 (annotations added for clarity).

9.      Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the Expert Report Of Kevin Jeffay Regarding Non-Infringement Of U.S. Patent No. 7,231,430, served on May 25, 2018, FILED UNDER SEAL.

10.     Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the Report Of Ryan Sullivan, Ph.D., served on April 20, 2018, (annotations added for clarity) FILED UNDER SEAL.

11.     Attached hereto as Exhibit 9 is a true and correct copy of the Supplemental Report Of Ryan Sullivan, Ph.D., served on June 8, 2018, FILED UNDER SEAL.

12. Attached hereto as Exhibit 10 is a true and correct copy of excerpts from the Expert Report Of Stephen L. Becker, PhD With Respect To Cisco Systems, Inc., served on June 19, 2018, FILED UNDER SEAL.

13. Attached hereto as Exhibit 11 is a true and correct copy of excerpts of the transcript from the deposition of Mark Jones taken on June 19, 2018 (annotations added for clarity).

14. Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the transcript from the deposition of Ryan Sullivan taken on June 22, 2018 (annotations added for clarity).

15. Attached hereto as Exhibit 13 is a true and correct copy of excerpts of the transcript from the deposition of Jason Shaw taken on March 14, 2018 (annotations added for clarity).

16. Attached hereto as Exhibit 14 is a true and correct copy of excerpts of the transcript from the deposition of Ewan Milne taken on September 8, 2018 (annotations added for clarity).

17. Attached hereto as Exhibit 15 is a true and correct copy of excerpts of the transcript from the deposition of Nancy Linck taken on June 27, 2018 (annotations added for clarity).

18. Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the PowerPoint presentation titled Egenera's *Markman* Presentation that was presented to the Court on January 30, 2018.

19. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the transcript of the *Markman* hearing held before this Court on January 30, 2018 (annotations added for clarity).

20. Attached hereto as Exhibit 18 is a true and correct copy of excerpts of the transcript from the deposition of Bhaskar Jayakrishnan taken on February 27, 2018 (annotations added for clarity).

21. Attached hereto as Exhibit 19 is a true and correct copy of excerpts of the transcript from the deposition of Tony Vaidya taken on February 1, 2018 (annotations added for clarity).

22. Attached hereto as Exhibit 20 is a true and correct copy of excerpts of the transcript from the deposition of Michael Thompson taken on March 15, 2018, FILED UNDER SEAL (annotations added for clarity).

23. Attached hereto as Exhibit 21 is a true and correct copy of excerpts of the transcript from the depositions of Peter Manca taken on October 16, 2017 and March 16, 2018 (annotations added for clarity).

24. Attached hereto as Exhibit 22 is a true and correct copy of excerpts of the transcript from the deposition of Brian Christensen taken on March 16, 2018 (annotations added for clarity).

25. Attached hereto as Exhibit 23 is a true and correct copy of excerpts of the transcript from the deposition of George Chen taken on March 12, 2018 (annotations added for clarity).

26. Attached hereto as Exhibit 24 is a true and correct copy of excerpts of the transcript from the deposition of Scott Clark taken on March 8, 2018 (annotations added for clarity).

27. Attached hereto as Exhibit 25 is a true and correct copy of excerpts of the transcript from the deposition of Richard Hinson taken on March 1, 2018 (annotations added for clarity).

28. Attached hereto as Exhibit 26 is a true and correct copy of excerpts of the transcript from the deposition of Kevin Kerrigan taken on March 13, 2018 (annotations added for clarity).

29. Attached hereto as Exhibit 27 is a true and correct copy of excerpts of the transcript from the deposition of Mike Dvorkin taken on March 1, 2018 (annotations added for clarity).

30. Attached hereto as Exhibit 28 is a true and correct copy of excerpts of the transcript from the deposition of Satinder Sethi taken on March 26, 2018.

31. Attached hereto as Exhibit 29 is a true and correct copy of excerpts of the transcript from the deposition of Vern Brownell taken on March 29, 2018 (annotations added for clarity).

32. Attached hereto as Exhibit 30 is a true and correct copy of excerpts of the transcript from the deposition of Max Smith taken on March 6, 2018 (annotations added for clarity).

33. Attached hereto as Exhibit 31 is a true and correct copy of excerpts of the transcript from the deposition of Alan Greenspan taken on March 9, 2018 (annotations added for clarity).

34. Attached hereto as Exhibit 32 is a true and correct copy of excerpts of the transcript from the deposition of Peter Schulter taken on March 2, 2018.

35. Attached hereto as Exhibit 33 is a true and correct copy of excerpts from Egenera, Inc.'s Supplemental Objections And Responses To Cisco Systems, Inc.'s Third Set Of Interrogatories (Nos. 17-25), served on March 11, 2018, FILED UNDER SEAL.

36. Attached hereto as Exhibit 34 is a true and correct copy of excerpts from Egenera, Inc.'s Supplemental Objections And Responses To Cisco Systems, Inc.'s First Set Of Interrogatories (Nos. 1, 4-10, And 12-14), served on March 11, 2018, FILED UNDER SEAL.

37. Attached hereto as Exhibit 35 is a true and correct copy of excerpts from Egenera, Inc.'s Supplemental Objections And Responses To Cisco Systems, Inc.'s First Set Of Interrogatories (Nos. 1 And 8), served on April 12, 2018, (annotations added for clarity) FILED UNDER SEAL.

38. Attached hereto as Exhibit 36 is a true and correct copy of excerpts from Egenera, Inc.'s Objections And Responses To Cisco Systems, Inc.'s First Set Of Requests For Admission (Nos. 1-225), served on February 26, 2018.

39. Attached hereto as Exhibit 37 is a true and correct copy of excerpts from Egenera's Preliminary Infringement Disclosure, served on April 7, 2017.

40. Attached hereto as Exhibit 38 is a true and correct copy of an email sent by Peter Manca dated June 11, 2007 and bearing Bates number EGENERA01567366.

41. Attached hereto as Exhibit 39 is a true and correct copy of an email sent by Michael Thompson to certain Cisco email addresses dated May 13, 2009 and bearing Bates number EGENERA02280908, FILED UNDER SEAL.

42. Attached hereto as Exhibit 40 is a true and correct copy of a press release titled "Egenera Granted Patent for Processing Area Network" dated July 31, 2007 and bearing Bates number EGENERA02280815.

43. Attached hereto as Exhibit 41 is a true and correct copy of excerpts from a PAN Manager manual bearing starting Bates number EGENERA00339795 (annotations added for clarity).

44. Attached hereto as Exhibit 42 is a true and correct copy of an email chain sent by Samantha Surprenant to Maryellen Edwards dated August 1, 2016 and bearing Bates number EGENERA02280905, FILED UNDER SEAL.

45. Attached hereto as Exhibit 43 is a true and correct copy of an email chain sent by Kevin Kerrigan to Samantha Surprenant, Maryellen Edwards, and Bob Percy dated August 9, 2016 and bearing Bates number EGENERA02280906, FILED UNDER SEAL.

46. Attached hereto as Exhibit 44 is a true and correct copy of an email sent by Peter Manca dated December 5, 2014 and bearing Bates number EGENERA01734673, FILED UNDER SEAL.

47. Attached hereto as Exhibit 45 is a true and correct copy of excerpts from a document titled "Interframe Network Architecture" bearing Bates number EGENERA01836865.

48. Attached hereto as Exhibit 46 is a true and correct copy of a "Purchase Order" with Bates number CISCO00029297.

49. Attached hereto as Exhibit 47 is a true and correct copy of "The Egenera Interframe: A New Architecture for Internet Application Processing."

50. Attached hereto as Exhibit 48 is a true and correct copy of a "Statement Of Person Being Deleted As An Inventor (37 C.F.R. §1.324(b)(1))" signed by Peter Schulter on August 15, 2017.

51. Attached hereto as Exhibit 49 is a true and correct copy of "Decision On Petition For Correction Of Inventorship Under 37 C.F.R. § 1.324" dated January 16, 2018.

52. Attached hereto as Exhibit 50 is a true and correct copy of excerpts from "Plaintiff's Initial Disclosures," served on March 14, 2017.

53. Attached hereto as Exhibit 51 is a true and correct copy of excerpts from "Plaintiff's Supplemental Initial Disclosures," served on May 16, 2017.

54. Attached hereto as Exhibit 52 is a true and correct copy of excerpts from "Plaintiff's Second Supplemental Initial Disclosures," served on June 9, 2017.

55. Attached hereto as Exhibit 53 is a true and correct copy of excerpts from Cisco's "Petition For *Inter Partes* Review of U.S. Patent No. 7,231,430," served on April 28, 2017.

56. Attached hereto as Exhibit 54 is a true and correct copy of excerpts from the prosecution history of U.S. Patent No. 7,437,477.

57. Attached hereto as Exhibit 55 is a true and correct copy of excerpts from the prosecution history of U.S. Patent No. 7,526,527.

58. Attached hereto as Exhibit 56 is a true and correct copy of excerpts from the prosecution history of U.S. Patent No. 7,664,823.

59. Attached hereto as Exhibit 57 is a true and correct copy of excerpts from the prosecution history of U.S. Patent No. 7,808,924.

60. Attached hereto as Exhibit 58 is a true and correct copy of the "Request to Correct Inventorship 37 C.F.R. §1.324(a)" of U.S. Patent No. 7,231,430 filed on September 11, 2017.

61.     Attached hereto as Exhibit 59 is a true and correct copy of excerpts from the prosecution history of U.S. Patent No. 7,231,430 bearing Bates number EGENERA00000324.

62.     Attached hereto as Exhibit 60 is a true and correct copy of excerpts from U.S. Provisional Application No. 60/285,296, filed April 20, 2001.

63.     Attached hereto as Exhibit 61 is a true and correct copy of excerpts from Cisco System, Inc.'s Supplemental Objections And Responses To Egenera, Inc.'s First, Second, Third, and Fourth Set Of Interrogatories (Nos. 1-22), served on March 16, 2018.

64.     Attached hereto as Exhibit 62 is a true and correct copy of "Cisco UCS Customer Benefits," produced by Egenera along with the Report Of Ryan Sullivan, Ph.D., served on April 20, 2018.

65.     Attached hereto as Exhibit 63 is a true and correct copy excerpts of Attachment J-3 to Dr. Ryan Sullivan's Opening Report sorted by highest revenue components, (annotations added for clarity) FILED UNDER SEAL.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2018 in New York, New York.

>                  */s/ Michael R. Rhodes*
>                   Michael R. Rhodes