# EXHIBIT 34
## PUBLIC-REDACTED VERSION

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EGENERA, INC.,** | |
| **Plaintiff,** | Civil Action No. 1:16-cv-11613-RGS |
| **v.** | |
| **CISCO SYSTEMS, INC.,** | JURY TRIAL |
| **Defendant.** | |

### EGENERA, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO CISCO SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1, 4-10 AND 12-14)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Egenera, Inc. ("Plaintiff" or "Egenera") hereby provides this Supplemental Response to Defendant Cisco Systems Inc.'s ("Cisco") First Set of Interrogatories to Egenera (Nos. 1, 4-10 and 12-14) as follows:

### PRELIMINARY STATEMENT

Egenera's responses to these interrogatories are made to the best of its present knowledge, information, and belief. Egenera has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. These responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Egenera's knowledge, are subject to such refreshing of recollection and such additional knowledge of facts as may result from Egenera's further discovery or investigation. By responding to Cisco's interrogatories, Egenera does not waive any objection that may be applicable to: (1) the use, for any purpose, by Cisco of any information provided in response; or (2) the admissibility, relevance, or materiality of any of the information to any issue in this case.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 2:** Separately, for each claim of each Patent-in-Suit, identify where, when (by date) how, and by whom the subject matter described by that claim was first conceived, actually reduced to practice, and constructively reduced to practice, and identify all documents (and any other allegedly corroborating evidence, such as testimony) relating to the conception and reduction to practice.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff objects to this interrogatory as prematurely requesting a legal conclusion. Plaintiff further objects to this interrogatory as vague and ambiguous as to "all documents … relating to the conception and reduction to practice" and "any other allegedly corroborating evidence, such as testimony". Plaintiff further objects to this interrogatory as including multiple subparts.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

The date of conception for the inventions claimed in U.S. Patent Nos. 7,231,430 and 6,971,044 began on or around the Summer of 2000. Based on internal documents such as functional specifications, project plans, requirements documentation and other papers, corroboration for conception is no later than Fall of 2000 but likely earlier. The date of reduction to practice (constructive) for U.S. Patent 7,231,430 and 6,971,044 is no later than April 20, 2001 with the filing of Provisional Application No. 60/285,296, and at the latest January 4, 2002 with the filing of Patent Application Nos. 10/038,353 and 10/038,355. The inventors worked diligently to reduce their invention to practice, including by building working products.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

Pursuant to FED. R. CIV. P. 33(d), Egenera cites: EGENERA00000001 - EGENERA00000064; EGENERA00000081 - EGENERA00000613. As discovery progresses, Egenera expects to identify additional documents responsive to this interrogatory.

Egenera also states that the named inventors of each of the Patents-in-Suit may have information about the circumstances surrounding the conception and reduction to practice of the inventions claimed in the patents on which they are named as an inventor, as well as information about their individual involvement in and respective contribution to those activities. Their testimony will be provided pursuant to the Federal Rules of Civil Procedure, the Local Rules, any applicable orders in this case, and/or a specific agreement between parties.

Egenera will produce and identify non-privileged documents that exist in its possession, custody, or control from which further information responsive to this Interrogatory may be ascertained, in accordance with FED. R. CIV. P. 33(d), if any are uncovered after a reasonable search.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

As to conception and reduction to practice of U.S. Patent No. 7,231,430 and U.S. Patent No. 6,971,044, Egenera incorporates by reference Patent Owner's Preliminary Response to Petition for *Inter Partes* Review of U.S. Patent No. 7,231,430, filed on August 16, 2017, in IPR2017-01341 (Paper 7), including all exhibits thereto.

Egenera further notes that U.S. Patent No. 6,971,044 was conceived of at least by November 2000 and diligently reduced to practice along with U.S. Patent No. 7,231,430.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

Egenera further incorporates by reference, pursuant to FED. R. CIV. P. 33(d), the following additional documents, which relate to the conception and/or reduction to practice of the claimed inventions in U.S. Patent No. 6,971,044 and U.S. Patent No. 7,231,430:
EGENERA00309992, EGENERA00173626, EGENERA00173674, EGENERA00173802,
EGENERA00175858, EGENERA00172962, EGENERA00217759, EGENERA00173977,
EGENERA00173910, EGENERA00173842, EGENERA00175239, EGENERA00175956,
EGENERA00175192, EGENERA00173562, EGENERA00173224, EGENERA00173174,
EGENERA00522224, EGENERA00187883, EGENERA00172936, EGENERA00176416,
EGENERA00173312, EGENERA00172623, EGENERA00172528, EGENERA00082947,
EGENERA00082991, EGENERA00083068, EGENERA00083032, EGENERA00083007,
EGENERA00083639, EGENERA00084018, EGENERA00083117, EGENERA00083147,
EGENERA00083533, EGENERA00083320, EGENERA00006460, EGENERA00006487,
EGENERA00007030, EGENERA00006877, EGENERA00006822, EGENERA00011610,
EGENERA00006420, EGENERA00007597, EGENERA00006312, EGENERA00007109,
EGENERA00006939, EGENERA00485437, EGENERA00485427, EGENERA00485432,
EGENERA00006319, EGENERA00006288, EGENERA00006526, EGENERA00006839,
EGENERA00006805, EGENERA00006785, EGENERA00006972, EGENERA00006915,
EGENERA00006906, EGENERA00006548, EGENERA00006544, EGENERA00006503,
EGENERA00006499, EGENERA00007002, EGENERA00007100, EGENERA00007157,
EGENERA00007166, EGENERA00007483, EGENERA00006930, EGENERA00006935,
EGENERA00007180, EGENERA00007183, EGENERA00007325, EGENERA00007392,
EGENERA00007419, EGENERA00007426, EGENERA00309946, EGENERA00569544-
EGENERA00569976, EGENERA00570014-EGENERA00570507.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 3:** Identify the circumstances, date, all people involved with, and all documents relating to each of the following instances of Egenera's awareness of each Accused Instrumentality:

- the first date on which Egenera was aware of the existence of any Accused Instrumentality; and

- every instance in which Egenera purchased, took possession of, reviewed, analyzed, examined, inspected, or handled any Accused Instrumentality.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff understands the second part of this interrogatory asks for information related to Egenera's review, analysis, examination, inspection, or handling of an actual Accused Instrumentality as opposed to documents describing and/or software emulating the Accused Instrumentality. Plaintiff further objects to this interrogatory as it seeks disclosure of information that is protected by the attorney client privilege and/or, the attorney work-product doctrine. Plaintiff will not disclose such privileged or protected information, and any inadvertent disclosure shall not constitute a waiver of applicable protections or of Plaintiff's ability to object to the use of such information by Defendants for any purpose. Plaintiff also objects to this interrogatory as seeking disclosure of information that is not relevant to the issues in this case or is not reasonably calculated to lead to the discovery of admissible evidence as it asks for "the circumstances, date, all people involved with, and all documents relating," "the first date on which Egenera was aware of the existence of any Accused Instrumentality," and "every instance in which Egenera purchased, took possession of, reviewed, analyzed, examined, inspected, or handled any Accused Instrumentality." Plaintiff further objects to this interrogatory as including multiple subparts.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

Plaintiff further objects to usage of the term "Accused Instrumentality" to the extent it differs from the products and functionality accused in this case, which are found in Egenera's infringement contentions.

Egenera was first aware of the existence of one or more accused products on or about December 12, 2008, with the publication of "Cisco Planning Significant Datacenter Assault" by IDG News Service, as well as other publicly available information published by Cisco and others related to UCS on or about this time.

To its knowledge, Egenera has never purchased, taken possession of, reviewed, analyzed, examined, inspected, or handled an actual accused product.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 4:** Separately, for each Accused Instrumentality and each Patent-in-Suit, identify the date on which Egenera first knew or believed that the Accused Instrumentality infringed any claim of the Patents-in-Suit and describe all factual bases for Egenera's knowledge or belief, including: how Egenera gained such knowledge or belief regarding Cisco's activities; identification of all documents evidencing, memorializing, or supporting Egenera's first such knowledge or belief; identification of all persons knowledgeable of Egenera's first such knowledge or belief, and separately for each person identified, a description of that person's knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff objects to this interrogatory as seeking disclosure of information that is protected by the attorney client privilege or the attorney work-product doctrine. Plaintiff will not disclose such privileged or protected information, such privileged or protected information is intended to be excluded from this response, and any inadvertent disclosure shall not constitute a waiver of applicable protections or of Plaintiff's ability to object to the use of such information by Defendants for any

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

purpose. Plaintiff further objects to usage of the term "Accused Instrumentality" to the extent it differs from the products and functionality accused in this case, which are found in Egenera's infringement contentions.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Egenera incorporates its Response to Interrogatory No. 3 in regards to when it first became aware of an accused product. At that time, and based on the same information, Peter Manca believed that Cisco may be infringing Egenera's patents. Others at Egenera may have formed the same belief based on the same information.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Several Egenera employees, including at least Pete Manca, Scott Geng Mike Thompson, Vern Brownell, and Bryan Semple suspected that the UCS system utilized the technology claimed in the '430 patent as early as 2008 based on Cisco's press releases for the UCS platform. Egenera explored the possibility of developing and pursing this belief on a number of occasions, including with ███████████████████████ Egenera developed a firm and specific belief that Cisco UCS, as a system, infringes the '430 patent shortly before the filing of this lawsuit.

**INTERROGATORY NO. 5:** Separately for each Accused Instrumentality, identify the date on which Egenera contends that Cisco received actual or constructive notice of infringement of each Patent-in-Suit, and identify the complete factual and legal bases for Egenera's contention that Cisco received actual or constructive notice of infringement, including without limitation an identification and description of the content of all communications that Egenera contends constitute notice of infringement, why such communications allegedly constitute notice of

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

infringement, and an identification of any other communications or facts that Egenera contends are relevant to the issue of notice of infringement, and why they are allegedly relevant.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff objects to this interrogatory as prematurely requesting a legal conclusion. Plaintiff also objects to this interrogatory as calling for information in Cisco's possession, custody, or control. Plaintiff further objects to usage of the term "Accused Instrumentality" to the extent it differs from the products and functionality accused in this case, which are found in Egenera's infringement contentions.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

The date Cisco's received actual notice was, at the latest, August 5, 2016, the date the current law suit was filed. In late 2008 and early 2009, the parties also discussed Egenera's patented technology and its business.

Cisco also gained constructive notice as early as 2013 and potentially as early as 2010 through Egenera's marking of its BladeFrame, PAN Manager, and related products as patented as well as notices on Egenera's website.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Documentation for Egenera's PAN Manager, including versions offered by Egenera's partners, included the following language at least as of September 2012:

Copyright © 2001-2015 Egenera, Inc. All rights reserved. This product is protected by U.S. and international copyright and intellectual property laws. Egenera products are covered by one or more patents listed at http://www.egenera.com/patents.

18

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

The same or similar language has been included in all versions of Egenera's PAN Manager, including versions offered by Egenera's partners, since that time. The listed website, http://www.egenera.com/patents, identifies several Egenera patents, including the patents-in-suit.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5

An exemplary screenshot from Egenera's PAN Manager version 8 is shown below.



An exemplary screenshot from https://www.egenera.com/patents/, from August 23, 2017, is shown below.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

| PAT. NO. | Title |
|---|---|
| 8,086,755 | Distributed multicast system and method in a network |
| 7,861,110 | System, method, and adapter for creating fault-tolerant communication busses from standard components |
| 7,809,546 | System and method for emulating serial port communication |
| 7,787,388 | Method of and a system for autonomously identifying which node in a two-node system has failed |
| 7,305,581 | Service clusters and method in a processing system with failover capability |
| 7,296,182 | Disaster recovery for processing resources using configurable deployment platform |
| 7,231,430 | Reconfigurable, virtual processing system, cluster, network and method |
| 7,228,265 | System< and method for emulating serial port communication |
| 7,178,059 | Disaster recovery for processing resources using configurable deployment platform |
| 7,174,390 | Address resolution protocol system and method in a virtual network |
| 7,032,108 | System and method for virtualizing basic input/output system (BIOS) including BIOS run time services |
| 6,971,044 | Service clusters and method in a processing system with failover capability |
| 6,953,232 | Latching mechanism for securing a computer component into a housing |
| 6,927,974 | Simplified power and data connector for use with chassis system that houses multiple processors |

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Documents supporting Egenera's response to Interrogatory No. 5 include, without limitation, EGENERA00339795, EGENERA00338234, and EGENERA00459143. Cisco also became aware of the '430 patent due to its hiring of Egenera employees who were aware of the '430 patent and associated application. This was at least because of company-wide discussion of the patent, its application, and the technology underlying the same. Company-wide emails to all employees went out regarding the patent and technology, such as that found at EGENERA01567366. Cisco was furthermore aware of the '430 patent because the Examiner in the U.S. Patent and Trademark office cited the '430 during the prosecution of Cisco's own patents and patent applications, including in U.S. Patent Nos. 7,526,527, and 7,664,823, and U.S. Patent Application Nos. 20030218986 (Andiamo systems), and 20070112931.

Furthermore, Cisco was made aware of the '430 patent and its relationship with UCS in 2009 through email and/or in person discussions amongst the following: John Morgridge, Ned Hooper, John Chambers, and Mike Thompson. Specifically, Mr. Thompson made Cisco aware of Egenera's intellectual property and its relevance to Cisco. Supporting documents include, without limitation, EGENERA02225378, EGENERA02224406, EGENERA02231244, EGENERA02225382, EGENERA02231170, EGENERA02231240, and EGENERA02280908.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 6:** Separately, for each Patent-in-Suit, identify every instrumentality ever designed, developed, manufactured, tested, used, made, sold, or offered for sale in the United States, or imported into the United States by or on behalf of Egenera or any Egenera licensee, that falls within the scope (or that Egenera reasonably believes or has ever asserted falls within the scope) of any claim of any of the Patents-in-Suit, and for each such instrumentality, state the time periods during which it was sold and whether (and if so, how) it was marked with

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

the patent number of any of the Patents-in-Suit, and identify all documents that relate to such marking.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Egenera objects to this interrogatory as that it calls for information on the activities of Egenera licensee as not in the possession, custody, or control of Egenera. Plaintiff objects to this interrogatory as seeking disclosure of information that is not relevant to the issues in this case or is not reasonably calculated to lead to the discovery of admissible evidence as it asks for information regarding "every instrumentality ever designed, developed, manufactured, tested, used, made, sold, or offered for sale in the United States, or imported into the United States by or on behalf of Egenera or any Egenera licensee." Egenera further objects to this interrogatory as prematurely calling for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Egenera has continuously sold and marketed its BladeFrame System (including related software) since at least December 21, 2001. Additionally, Dell and Fujitsu have had the right to sell Egenera's patented technology under the trade names Dell PAN (see *e.g.*, dell.com/downloads/global/solutions/Dell%20PAN%20System_WEB.pdf?c=sg&l=en&s=lca) and Primergy, (see *e.g.*, fujitsu.com/global/products/computing/servers/primergy/) respectively, at different times. Other companies, such as HP, IBM, and NEC, have also partnered with Egenera, (egenera.com/certified-hardware-platforms/).

Egenera incorporates its response to Interrogatory No. 5 (including any amendments or supplements thereto) in regards to marking.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

Egenera will produce and identify non-privileged documents that exist in its possession, custody, or control from which further information responsive to this Interrogatory may be ascertained, in accordance with FED. R. CIV. P. 33(d), if any are uncovered after a reasonable search.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

"Interframe" was the original name of the commercial product under development by Egenera based on the technology disclosed in the '430 patent, but later came to be called Bladeframe. No products were ever sold under the name "Interframe."

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Certain versions of the BladeFrame System, Dell PAN and Primergy embodied Egenera's patented technology. All versions of the identified products practiced the '430 patent when including necessary hardware and/or software. Similarly, all versions of products produced by third-parties that included Egenera's PAN Manager practiced the '430 patent when including necessary hardware and/or software. Egenera was not in control of versioning products produced by third parties that included PAN Manager.

At the appropriate time, Egenera's experts may include information responsive to this Interrogatory in one or more expert reports. Such reports are incorporated herein by reference.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 7:** Identify all negotiations regarding the licensing (actual or attempted) and/or sale (actual or attempted), or other financial transaction (actual or attempted), of any of the Patents-in-Suit or any technology relating to the Patents-in-Suit by or on behalf of

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

Egenera, including without limitation when those negotiations took place; the parties to the negotiations, including the individuals who participated in the negotiations; any demands, offers, or counteroffers; all documents relating to such negotiations; and the results of such negotiations, including without limitation whether or not an agreement was reached and an identification of that agreement by production number.

## RESPONSE TO INTERROGATORY NO. 7:

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff further objects to this interrogatory as vague and ambiguous as to "all negotiations" and "other financial transaction (actual or attempted)".

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Egenera has been approached by organizations including ███████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████

Egenera will produce and identify non-privileged documents that exist in its possession, custody, or control from which further information responsive to this Interrogatory may be ascertained, in accordance with FED. R. CIV. P. 33(d), if any are uncovered after a reasonable search.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7

Egenera met with ██████████████ in December of 2011 and early 2012 to discuss the possibility of ███████████████████████████████████

██████████ Egenera attendees at those meetings included Pete Manca, Kevin Kerrigan, and Scott Geng. ██████████████████████████████████

24

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY



██████████ approached Egenera unsolicited in December of 2011 interested in

████████████████████████████████████ Pete Manca had one or two telephone

conversations with representatives from ████████████ in December of 2011 and/or

January of 2012, but as Egenera was not interested in ████████████ the conversations did

not proceed to any concrete terms or offers. ████████████████████████

█████████████████████████████████████████

██████████████████████

Documents responsive to this interrogatory will be produced shortly and thereafter

identified in a further supplement to this interrogatory response.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement

and/or revise its response as discovery progresses.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

Egenera's contact with ████████████████████████████

████████████████████████████████ Pursuant to FRCP

33(d), Egenera refers Cisco to the following documents produced in this litigation that Cisco can

use to derive whether, and to what extent the relevant Reseller agreements provided a license to

the '430 patent. Documents responsive to this request include, without limitation,

EGENERA00962852, EGENERA00962921, EGENERA00962930, EGENERA00963035,

EGENERA00963023, EGENERA00963048, EGENERA00963057, EGENERA00963065,

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

EGENERA00963049,    EGENERA00963053,    EGENERA00963065,    EGENERA00963075,

EGENERA00962851,    EGENERA00881496,    EGENERA00873845,    EGENERA00989176,

EGENERA00962820, EGENERA01687055, EGENERA01687044, and EGENERA00876946.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 8:** Identify all interactions between Egenera and Cisco regarding any actual or potential Egenera product or technology, including without limitation "an Egenera BladeFrame system with the PAN Manager" (Compl., D.E. 1 ¶ 15); any actual or potential "meetings" between Egenera and Cisco in 2004 (such as alleged in Compl., D.E. 1 ¶¶ 2, 15) or any other time; any actual or potential business partnership or exchange of technology between Egenera and Cisco; any actual or potential investment by Cisco in Egenera; or any potential acquisition of Egenera by Cisco. For each such interaction, identify all people involved and all documents relating to the interaction (including, without limitation, any notes and communications internal to Egenera).

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff further objects to this interrogatory as vague and ambiguous as to "any actual or potential Egenera product or technology" or "exchange of technology". Plaintiff also objects to this interrogatory as it seeks disclosure of privileged, work product, or otherwise protected information. Plaintiff further objects to Defendant's interrogatory as overly broad and unduly burdensome as it seeks disclosure of information that is more appropriately sought using depositions. Plaintiff also objects to this interrogatory as calling for information in Cisco's possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

In 2004, Cisco expressed an interest in Egenera and its PAN technology and product. The companies entered into a mutual non-disclosure agreement and Cisco purchased an Egenera

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

**INTERROGATORY NO. 10:** Separately, for each claim of each Patent-in-Suit that Egenera contends has been willfully infringed by Cisco, identify the complete factual and legal bases for that contention, including without limitation, an identification of the time period over which Egenera contends that Cisco has willfully infringed each claim, a detailed explanation of how and when Egenera contends that Cisco was put on notice of Egenera's assertions of infringement for each Accused Instrumentality, an identification of all documents and things on which Egenera relies to support its allegations, and an identification of all individuals knowledgeable concerning the factual and legal bases for Egenera's allegations.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff further objects to this Interrogatory as requesting a legal conclusion, including prematurely. Plaintiff objects to this interrogatory as premature and attempting to impose burdens or obligations on Plaintiff prior to the deadlines established by the Federal Rules of Civil Procedure, Local Rules, and Orders of this court. Plaintiff further objects to this interrogatory as premature to the extent that Plaintiff's response may be affected by the claim construction opinion, if any, entered in this case. Plaintiff objects to this interrogatory as it seeks disclosure of information that is properly the subject of expert testimony. Plaintiff further objects to usage of the term "Accused Instrumentality" to the extent it differs from the products and functionality accused in this case, which are found in Egenera's infringement contentions.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

As Egenera has described in its complaint (including any amendments or supplementations thereto), infringement contentions (including any amendments or supplementations thereto), and responses to at least Interrogatories 13 and 14 (including any amendments or supplementations thereto), Cisco infringes the asserted claims. Cisco knew of the Patents-in-Suit at least by August 5, 2016, the day this lawsuit was filed. Further, as discussed in Egenera's responses to Interrogatory Numbers 8 and 9 (including any amendments or

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

supplementations thereto), Cisco knew, or was willfully blind of the Patents-in-Suit by at least 2008. Upon information and belief, Cisco knew of the Patents-in-Suit and their applications earlier, including due to Cisco's knowledge of Egenera and its innovative products as well as Cisco's interactions with Egenera and Cisco's hiring of Egenera's employees. Based at least on this knowledge of the Patents-in-Suit and its own products, and from both an objective and subjective perspective, Cisco knew that it was infringing, but at least acted despite a high likelihood that it was infringing the Patents-in-Suit. Cisco's actions, such as meeting with Egenera, learning from Egenera, and hiring Egenera employees, are all relevant to this determination.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10

At the appropriate time, Egenera's experts may include information responsive to this Interrogatory in one or more expert reports. Such reports are incorporated herein by reference.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 11:** Separately, for each Patent-in-Suit, describe in detail each prior art, patentability, novelty, validity, enforceability, and/or infringement search, study, evaluation, opinion, or investigation (including any pre-suit investigation pertaining to this action), performed by or on behalf of Egenera, including without limitation, an identification of every person or entity that supervised, assisted, participated in, or provided information concerning the search, study, evaluation, opinion, or investigation; an identification of all documents and things reviewed or relied upon in connection with the search, study, evaluation, opinion, or investigation; a detailed description of all results and/or conclusions thereof; and an identification of any person to whom those results and/or conclusions were communicated.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff further objects to this interrogatory as it seeks disclosure of information that is protected by the attorney client privilege and/or, the attorney work-product doctrine. Plaintiff will not disclose such privileged or protected information, and any inadvertent disclosure shall not constitute a waiver of applicable protections or of Plaintiff's ability to object to the use of such information by Defendants for any purpose. Plaintiff objects to this interrogatory as premature and attempting to impose burdens or obligations on Plaintiff prior to the deadlines established by the Federal Rules of Civil Procedure, Local Rules, and Orders of this court.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

Egenera, in conjunction with its legal counsel, complied with FED. R. CIV. P. 11 and other applicable rules before filing its complaint in this case. Furthermore, Egenera notes that the United States Patent and Trademark Office conducted and/or provided "prior art, patentability, novelty, [and] validity" "search, study, evaluation, opinion, or investigation" during prosecution of the Patents-in-Suit. That information can be located in the file histories of the Patents-in-Suit. Pursuant to FED. R. CIV. P. 33(d), Egenera cites: EGENERA00000001 - EGENERA00000064; EGENERA00000081 - EGENERA00000613.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 12:** Separately, for each Patent-in-Suit, identify the complete factual and legal bases for Egenera's claims for injunctive relief.

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

## RESPONSE TO INTERROGATORY NO. 12:

Plaintiff hereby incorporates its general objections as if set forth fully herein. Plaintiff further objects to this Interrogatory as requesting a legal conclusion, including prematurely. Plaintiff objects to this interrogatory as premature and attempting to impose burdens or obligations on Plaintiff prior to the deadlines established by the Federal Rules of Civil Procedure, Local Rules, and Orders of this court.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows:

For each Patent-in-Suit, the four-factor permanent injunction test is met in this case. First, Egenera has suffered irreparable injury due to Cisco's continued infringement of the Patents-in-Suit. Egenera practiced the technology covered by the eventually-issued Patents-in-Suit at least by 2002. Numerous employees worked for Egenera to help develop, maintain, and sell these products. Egenera's products, including those practicing the Patents-in-Suit, have been the core of Egenera's business for years—and Egenera has been repeatedly praised by third parties for its groundbreaking products. Cisco, recognizing Egenera's groundbreaking work, took Egenera's technology and claimed it as its own. For instance, Cisco met with Egenera, hired Egenera employees, and then began selling Cisco-branded products built using Egenera's patented technologies. Cisco's actions have caused Egenera irreparable harm—to its reputation as an innovator and employer, and to its business. Egenera's prices have eroded, market share has been lost, and untold sales have been lost due to Cisco's rampant infringement. Further, the irreparable nature of the harm is highlighted by the fact that Egenera and Cisco are competitors.

Second, remedies available at law, such as monetary damages, are inadequate to compensate for the injury Cisco has caused Egenera. As just discussed, Cisco is doing

HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

irreparable harm to Egenera through its infringement of Egenera's Patents-in-Suit. This harm is exacerbated by the fact that Egenera and Cisco are competitors.

Third, considering the balance of hardships between the Egenera and Cisco, a remedy in equity is warranted. The injury that Egenera continues to suffer due to Cisco's infringement outweighs any harm Cisco would face if enjoined from infringing. Cisco's infringement is an extreme threat to Egenera, particularly given Cisco's size and other product offerings relative to Egenera.

Fourth, the public interest would not be disserved by a permanent injunction in this case. The public has an interest in encouraging innovators like Egenera, as well as an interest in protecting property rights like those of Egenera. Further, any harm done to the public from Cisco's infringement being enjoined can be remedied by Egenera's own product offerings.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**

At the appropriate time, Egenera's experts may include information responsive to this Interrogatory in one or more expert reports. Such reports are incorporated herein by reference.

Discovery is ongoing, and Plaintiff reserves all rights, including the right to supplement and/or revise its response as discovery progresses.

**INTERROGATORY NO. 13:** Identify each claim of each Patent-in-Suit for which Egenera contends that Cisco has induced infringement under 35 U.S.C. § 271(b), and for each such claim identify the complete factual (including all relevant documents by production number) and legal bases for Egenera's contention, including without limitation, an identification of each person that Egenera contends directly infringed such claim, and for each such person a complete description in a claim chart of how, where, and when such person directly infringed the claim, and a complete description of all factual and legal bases for Egenera's contention that Cisco induced such alleged direct infringement.