UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EGENERA, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>          Defendant. | Civil Action No. 1:16-cv-11613 |

**JOINT AMENDED PRETRIAL STATEMENT**

Defendant Cisco Systems, Inc. ("Cisco") and Plaintiff Egenera, Inc. ("Egenera") jointly submit the following amended pretrial statement.  The amendments: clarify the correct exhibits referenced by two stipulated facts; update the parties' attached exhibit lists; reduce the parties' deposition designations; and update the trial logistics in accordance with the Court's Orders (D.N. 203, 204) and further agreement by the parties.

I.   STIPULATED FACTS

1.   Cisco is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

2.   Egenera is a Delaware corporation with its principal place of business at 80 Central Street, Boxborough, Massachusetts 01719.

3.   Egenera made an employment offer to Peter Schulter by letter dated September 6, 2000.

4.   Beginning in early September 2000, Pete Manca took notes regarding weekly status meetings, including those notes in Exhibit 023.

5.   Peter Schulter joined Egenera on October 2, 2000.

6.   Ewan Milne and Paul Curtis authored a document entitled "The Egenera Interframe: A New Architecture," dated June 30, 2000. Exhibit 013.

7.   Max Smith authored a document entitled "Egenera Interframe I/O Architecture," dated September 29, 2000. Exhibit 015.

8.   Max Smith authored a document entitled "Egenera Interframe Architecture," dated October 1, 2000. Exhibit 017.

9.   Peter Schulter authored a document entitled "Interframe Network Architecture," dated October 9, 2000. Exhibit 018.

10. Peter Schulter authored a document entitled "Interframe Network Architecture," dated October 17, 2000. Exhibit 021.

11. Peter Schulter authored a document entitled "Interframe Network Architecture," dated November 7, 2000. Exhibit 022.

12. Peter Schulter authored a document entitled "Interframe Network Architecture" dated December 18, 2000. Exhibit 020.

13. On April 20, 2001, Egenera filed U.S. Provisional Application No. 60/285,296.

14. Peter Schulter is listed under the heading "Inventor(s)/Applicant(s)" in U.S. Provisional Application No. 60/285,296.

15. On January 4, 2002, Egenera filed non-provisional U.S. Patent Application Nos. 10/038,353 and 10/038,355.

16. Each of non-provisional U.S. Patent Application Nos. 10/038,353 and 10/038,355 claims priority to U.S. Provisional Application No. 60/285,296.

17. On November 29, 2005, U.S. Patent No. 6,971,044 (the "'044 patent") issued from U.S. Patent Application No. 10/038,355.

18. At its issuance, the '044 patent listed Scott Geng, Pete Manca, Paul Curtis, Ewan Milne, Max Smith, Alan Greenspan, Edward Duffy, and Peter Schulter as inventors.

19. On June 12, 2007, the '430 patent issued from U.S. Patent Application No. 10/038,353.

20. At its issuance, the '430 patent listed Vern Brownell, Pete Manca, Ben Sprachman, Paul Curtis, Ewan Milne, Max Smith, Alan Greenspan, Scott Geng, Dan Busby, Edward Duffy, and Peter Schulter as inventors.

21. On August 5, 2016, Egenera filed a complaint against Cisco, asserting infringement of three patents, including the '430 patent.

22. On April 28, 2017, Cisco filed a petition for *inter partes* review ("IPR") of the '430 patent.

23. In its '430 patent IPR petition, Cisco alleged that the '430 patent was obvious at least based on the combination of U.S. Patents Nos. 6,597,956 ("Aziz"), 7,089,293 ("Grosner"), and 6,639,901 ("Katzri").

24. In its '430 patent IPR petition, Cisco alleged that the Grosner reference was entitled to a November 2, 2000 date.

25. Pete Manca contacted Peter Schulter in July and August 2017 related to his status as an inventor on the '430 patent.

26. Peter Schulter signed a declaration agreeing to remove himself as an inventor on the '430 patent on August 15, 2017.

27. On August 16, 2017, Egenera filed a preliminary response to Cisco's '430 patent IPR petition.

28. In its preliminary response to Cisco's '430 patent IPR petition, Egenera contended that Cisco's alleged prior art failed to render the '430 patent's claims obvious.

29. In its preliminary response to Cisco's '430 patent IPR petition, Egenera also contended that Grosner was not prior art because Egenera alleged that the inventors had conceived of the '430 patent's claims by September 29, 2000—before Grosner.

30. Between August 22, 2017 and September 8, 2017, the other inventors signed declarations agreeing or not disagreeing with the removal of Mr. Schulter as an inventor on the '430 patent.

31. On September 11, 2017, Egenera petitioned the U.S. Patent Office to remove Peter Schulter as an inventor of the '430 patent.

32. On January 16, 2018, the U.S. Patent Office granted Egenera's petition to correct inventorship and removed Peter Schulter from the inventors of the '430 patent.

33. Peter Schulter remains listed as an inventor on other Egenera patents, including the '044 patent.

34. On January 30, 2018, the Court held its claim construction hearing in this case.

35. On February 5, 2018, the Court issued its claim construction order in this case.

36. The Court construed "logic to modify said received messages to transmit said modified messages to the external communication network and to the external storage network" as a means-plus-function term.

37. Regarding the "logic to modify said received messages to transmit said modified messages to the external communication network and to the external storage network" term, the Court defined the function as "modify[ing] said received messages to transmit said modified received messages to the external communication network and to the external storage network."

38. Regarding the function of "modify[ing] said received messages to transmit said modified received messages to the external communication network," the Court defined the corresponding structure as "virtual LAN server 335, virtual LAN proxy 340, and physical LAN driver 345 and equivalents."

39. The "logic to modify said received messages to transmit said modified messages to the external communication network and to the external storage network" term appears in claims 1, 3, and 4 of the '430 patent.

## II. TRIAL EXHIBITS

Attached as **Appendix A** to this joint statement is the parties' joint list of Exhibits to be introduced without objection. Attached as **Appendix B** is the parties' joint lists of exhibits to which a party has reserved a right to object.[1]

## III. PROSPECTIVE WITNESSES

### A. Cisco's Trial Witness List

Cisco identifies the following persons as witnesses likely to be called at trial. Cisco reserves the right to amend or supplement this list as part of the meet-and-confer process leading up to trial, in response to Egenera's disclosures and objections, in response to pretrial rulings from the Court, and in the event that any individuals listed below become unable to attend trial or otherwise unable to provide testimony. Inclusion on this list does not imply or establish that Egenera may compel the live testimony of that witness and does not waive any objections that Cisco may have should Egenera seek to introduce testimony of that witness.

| Witness | Will/May Call |
|---|---|
| Peter Schulter | Will Call |
| Kevin Jeffay | Will Call |
| Scott Geng | Will Call |
| James Carmichael[2] | May Call |
| Any individual identified as a live witness by Egenera | May Call |

---

[1] Upon discovering that a vendor error in scanning hard-copy documents had caused the non-production of certain documents, Egenera promptly notified Cisco of the error and produced over 40 new documents for the first time after the close of business on December 17, 2018—the eve of the parties' deadline to file exhibit lists with the Court (and nine months after close of discovery). Cisco is reviewing both sets of documents and may add them to the exhibit list before trial.

[2] Egenera objects to Cisco calling James Carmichael on the basis of relevance.

5

### B. Egenera's Trial Witness List

Egenera identifies the following persons as witnesses likely to be called at trial. Egenera reserves the right to amend or supplement this list as part of the meet-and-confer process leading up to trial, in response to Cisco's disclosures and objections, in response to pretrial rulings from the Court, and in the event that any individuals listed below become unable to attend trial or otherwise unable to provide testimony. Inclusion on this list does not imply or establish that Cisco may compel the live testimony of that witness and does not waive any objections that Egenera may have should Cisco seek to introduce testimony of that witness.

| Witness | Will/May Call |
| --- | --- |
| Pete Manca | Will Call |
| Scott Geng | Will Call |
| Peter Schulter | Will Call |
| Max Smith | May Call |
| Nancy Linck | May Call |
| Ted Duffy | May Call |
| Mark Jones | May Call |

## IV. DEPOSITIONS TO BE USED AT TRIAL

Egenera's and Cisco's deposition designations, and corresponding objections, are attached to this joint statement as **Appendix C**.[3]

## V. MOTIONS IN LIMINE

The parties agree that neither party will ask a question of a witness during live testimony when that party's attorneys have previously instructed that witness not to answer that question based on a claim of privilege and the witness followed the attorney's instruction and refused to answer the questions based on a claim of privilege.

---

[3] Cisco objects to Egenera designating any testimony of its employees' or consultants' testimony aside from completeness designations within the scope of Cisco's affirmative designations.

**VI.    ESTIMATE OF TRIAL TIME**

In accordance with the Court's Order (D.N. 203), the parties anticipate a 12-hour trial with time evenly divided among the parties.

**VII.   TRIAL LOGISTICS**

Pursuant to the Court's Orders (D.N. 203, 204), and unless the Court orders otherwise or the parties agree otherwise during trial, the following trial procedures and limitations shall apply.

*Trial disclosures.* The following procedures shall apply to the disclosure of witnesses to testify by direct examination or by prior deposition and to the disclosure of exhibits and demonstrative and illustrative exhibits that will be used at trial:

- By 4:00 p.m. Eastern Time two calendar days before the trial day when a party intends to call a witness (whether live or by deposition) or use an exhibit, that party will identify via email:
    - The specific witnesses that they intend to call on direct or by deposition, and the order in which they will be called, on that trial day;
    - The exhibits, and sponsoring witness for each exhibit, to be offered through the direct examination or deposition testimony of witnesses on that trial day; and
    - For witnesses appearing by deposition, the list of specific lines and pages of each deposition transcript;
- By 3:00 p.m. Eastern Time one calendar day before the trial day when a witness is expected to testify using demonstrative or illustrative exhibits, the offering party (on non-adverse direct) shall provide a color PDF or PowerPoint copy of any such demonstrative or illustrative exhibits to be used in connection with the witness;

- By 4:00 p.m. Eastern Time one calendar day before the trial day when a disclosed witness or exhibit, including demonstrative or illustrative exhibits, will be called or used at trial, the non-offering party will inform the offering party via email of any objections to the disclosed witnesses and exhibits and, for disclosed testimony by deposition, of any specific pages or lines to counter-designate; and

- By 6:00 p.m. Eastern Time one calendar day before disclosed witnesses are expected to testify, disclosed exhibits are expected to be used, or disclosed deposition testimony is expected to be read or played, the parties shall meet and confer to seek resolution of any objections.

- On days when trial is held and disclosures are also to be made (*i.e.*, January 2 and January 3), the preceding trial disclosure and meet-and-confer times shall occur 2 hours later than the time indicated above—at 6:00 p.m., 5:00 p.m., 6:00 p.m., and 8:00 p.m., respectively.

- Any continuing disputes shall be raised with the Court as appropriate before each trial day commences.

- These deadlines apply as stated regardless of intervening weekends and holidays.

These disclosure procedures shall not:

- require disclosure of prior deposition or other testimony to be used for impeachment;

- apply to any illustrative or demonstrative exhibits created live at trial while the witness is testifying;

- apply to any illustrative or demonstrative exhibits prepared in advance of the witness examination that consists only of the enlargement, highlighting, ballooning,

8

or excerption of trial exhibits, demonstratives, or testimony—except that the underlying trial exhibit, demonstrative, or testimony itself must still be disclosed in accordance with the above procedures; or

- require disclosure of exhibits or demonstrative or illustrative exhibits to be used on cross examination or on direct examination of adverse witnesses.

*Testimony by deposition.*  If a party presents a witness by deposition at trial, the party offering the testimony will play the video corresponding to the designated portion of the testimony, the opposing party's counter-designations, and the designating party's counter-counter-designations in the order in which those designations appear in the deposition.  The time for playing such designations shall be allocated to each party accordingly—*i.e.*, time for counter-designations will be charged to the opposing party.

*Openings and closing.*  The parties have agreed not make opening statements or closing arguments.

Dated: December 30, 2018                                    Respectfully:

| /s/ Brian Leary | /s/ Avery R. Williams |
|---|---|
| John M. Desmarais (*admitted pro hac vice*) | Mike McKool (*admitted pro hac vice*) |
| jdesmarais@desmaraisllp.com | TX Bar No. 13732100 |
| Paul A. Bondor (*admitted pro hac vice*) | mmckool@mckoolsmith.com |
| pbondor@desmaraisllp.com | Christopher T. Bovenkamp (*admitted pro hac vice*) |
| Jonas R. McDavit (*admitted pro hac vice*) | TX Bar No. 24006877 |
| jmcdavit@desmaraisllp.com | cbovenkamp@mckoolsmith.com |
| Tamir Packin (*admitted pro hac vice*) | Avery R. Williams (*admitted pro hac vice*) |
| tpackin@desmaraisllp.com | TX Bar No. 24075282 |
| Peter C. Magic (*admitted pro hac vice*) | awilliams@mckoolsmith.com |
| pmagic@desmaraisllp.com | **MCKOOL SMITH, P.C.** |
| Brian Leary (*admitted pro hac vice*) | 300 Crescent Court, Suite 1500 |
| bleary@desmaraisllp.com | Dallas, TX 75201 |
| Robert C. Harrits (*admitted pro hac vice*) | Telephone: (214) 978-4000 |
| rharrits@desmaraisllp.com | Fax: (214) 978-4044 |
| Michael R. Rhodes (*admitted pro hac vice*) | |
| mrhodes@desmaraisllp.com | John B. Campbell (*admitted pro hac vice*) |
| Ryan T. Lawson (*admitted pro hac vice*) | TX Bar No. 24036314 |
| rlawsom@desmaraisllp.com | jcampbell@mckoolsmith.com |
| DESMARAIS LLP | James. E. Quigley (*admitted pro hac vice*) |
| 230 Park Avenue | TX Bar No. 24075810 |
| New York, NY 10169 | jquigley@mckoolsmith.com |
| Telephone: (212) 351-3400 | Jordan Z. Carson (*admitted pro hac vice*) |
| Facsimile: (212) 351-3401 | Texas State Bar No. 24101599 |
| | jcarson@mckoolsmith.com |
| Kevin G. Kenneally (BBO # 550050) | **MCKOOL SMITH, P.C.** |
| Kevin.Kenneally@leclairryan.com | 300 W. 6th Street, Suite 1700 |
| John W. Moran (BBO # 664914) | Austin, TX 78701 |
| John.Moran@leclairryan.com | Telephone: (512) 692-8700 |
| LECLAIRRYAN | Fax: (512) 692-8744 |
| One International Place, Suite 1110 | |
| Boston, Massachusetts 02110 | David L. Evans (BBO #156695) |
| Telephone: (617) 502-8220 | devans@murphyking.com |
| Facsimile: (617) 502-8270 | Steven M. Veenema (BBO #672097) |
| | sveenema@murphyking.com |
| *Attorneys for Defendant Cisco Systems, Inc.* | **MURPHY & KING, P.C.** |
| | One Beacon Street, 21st Fl. |
| | Boston, Massachusetts 02108-3107 |
| | Telephone: (617) 423-0400 |
| | Fax: (617) 423-0498 |
| | |
| | *Attorneys for Plaintiff Egenera, Inc.* |