**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**EGENERA, INC.,**

**Plaintiff,**

**v.**

**CISCO SYSTEMS, INC.,**

**Defendant.**

**Civil Action No. 1:16-cv-11613-RGS**

**JURY TRIAL**

**EGENERA'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON CISCO'S IMPROPER INVENTORSHIP DEFENSE**

Plaintiff Egenera, Inc. ("Egenera") respectfully moves for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 52(c) on the grounds listed below. JMOL is proper if "a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue." Fed. R. Civ. P. 52(c).

## I. ENGENEA IS ENTITLED TO JUDGMENT AS A MATTER OF LAW REGARDING NO IMPROPER INVENTORSHIP

Egenera is entitled to JMOL on Defendant Cisco Systems, Inc. ("Cisco") failure to prove its affirmative defense of improper inventorship. *See* Dkt. 103 (Cisco's Answer to Egenera's Amended Complaint) at 19. Cisco has the burden of proving this affirmative defense by clear and convincing evidence, but has failed to do so as a matter of law. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 670 F.3d 1171, 1179 (Fed. Cir. 2012), *vacated in part on other grounds* by *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 682 F.3d 1003, (Fed. Cir. 2012) ("The inventors as named in an issued patent are presumed to be correct. Thus, a party alleging non joinder must meet the heavy burden of proving its case by clear and convincing evidence.").

### A. Legal Standard

A person is "a joint inventor only if he contributes to the conception of the claimed invention." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004). "Conception is . . . the completion of the mental part of invention." *Id.* Contributing to the structure of a means-plus-function claims does not make one a joint inventor if it "was simply a reduction to practice of the [] inventor[s]'[] broader concept." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1463 (Fed. Cir. 1998). Nor is a "person who supplies background data or general information to an inventor." *Idacon, Inc. v. Cent. Forest Prods.*, 1986 U.S. Dist. LEXIS 26297, at *36-37 (E.D. Ok. Apr. 25, 1986) (citing *O'Reilly v. Morse*, 56 U.S. 62 (1853)). After

conception of the claimed invention has occurred, "one does not qualify as a joint inventor by merely assisting the actual inventor," *Ethicon*, 135 F.3d at 1460, or "merely explain[ing] to the real inventors well-known concepts and/or the current state of the art." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998); *see also CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, 708 Fed. Appx. 654, 660 (Fed. Cir. 2017) ("The mere contribution of public knowledge available to a person of ordinary skill, which could readily have been acquired by the named inventor independently, does not make one a co-inventor."). Inventors "may use the services, ideas, and aid of others in the process of perfecting an invention without losing his right to a patent." *Indecor, Inc. v. Fox-Wells & Co.*, 642 F. Supp. 1473, 1490 (S.D.N.Y. 1986) (citing *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 624 (Fed. Cir. 1985) (quotation omitted)).

Courts have routinely rejected improper inventorship claims where the allegedly omitted inventor disclaims inventorship. *E.g.*, *Mueller Brass Co. v. Reading Industries, Inc.*, 352 F. Supp. 1357, 1374 (E.D. PA 1972) (Where a person "has repeatedly disclaimed any significant role," "it would be impossible on the record before the Court to find by clear and convincing evidence that [he] was a non-joined co-inventor."); *Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*, 35 F. Supp. 3d 163, 172 (D. Mass. 2014) (Saylor, J.) (finding that no inventorship where "the allegedly omitted inventor himself testified that his purported contribution was obvious"); *Pandora Jewelry, LLC v. Chamilia, LLC*, No. CCB-06-600, 2008 U.S. Dist. LEXIS 61064, *18-19 (D. Md. Aug. 8, 2008) (holding there was no invalidity for nonjoinder where "none of the individuals. . .are claiming to be omitted co-inventors"); *Cook Biotech, Inc. v. Acell, Inc.*, 460 F.3d 1365, 1371, 1381 (Fed. Cir. 2006) ("appellees had failed to present clear and convincing evidence that Dr. Badylak contributed in some significant manner to the conception of the

invention claimed in the ’265 patent” based on finding, in part, that “Dr. Badylak had filed papers under oath with the PTO in which he denied inventorship of the ’265 patent”).

### B. Egenera Is Entitled to JMOL that Peter Schulter is not an inventor of the ’430 Patent

Based on the evidence presented at trial and the law, Peter Schulter is not an inventor of U.S. Patent No. 7,231,430 (the “’430 patent”).

First, Peter Schulter testified that he is not an inventor of any of the claims of the ’430 patent: “I conceived of nothing in the claims of the ’430.” Trial Tr. 01/02/2019 149:9-10; *see also id.* at 121:9-12 (“Q. Mr. Schulter, what new ideas do you recall contributing to the functionality of modifying messages destined for the external communication networks in the Interframe? A. None.”); *id.* at 147:15-17 (“Q. . . . You agreed to remove yourself as an inventor of the ’430. Right? A. I did.”); *id* at 159:4-7 (“I’m certainly not saying I invented the LAN proxy. It’s not — it’s not an invention. The LAN server is not an invention. It’s code. It’s an implementation of existing functionality.”); *Mueller*, 352 F. Supp. at 1374 (“In actual fact, there is more circumstantial evidence that Gray or Perkins might have contributed to the conception of the method than that Parker did. However, Gray has repeatedly disclaimed any significant role and Perkins was responsible for designating the set of inventors actually found on the patent. In the face of this, it would be impossible on the record before the Court to find by clear and convincing evidence that Gray, Perkins, or any other person, was a non-joined co-inventor.”).

Second, Cisco has failed to show by clear and convincing evidence that Peter Schulter conceived of any limitations of any claims of the ’430 patent, including the “logic to modify said received messages to transmit said modified messages to the external communication network and to the external storage network” limitation in claims 1, 3, and 4 of the ’430 patent. *Eli Lilly*, 376 F.3d at 1359; *Ethicon*, 135 F.3d at 1463. Cisco’s argument regarding Peter Schulter’s

authorship of documents, which Peter Schulter testified included information provided to him by others, does not evidence conception. *See* Trial Tr. 01/02/2019 118:7-23; 128:9-129:11; *In re Katz*, 687 F.2d 450, 455 (C.C.P.A. 1982) ("[A]uthorship of an article by itself does not raise a presumption of inventorship with respect to the subject matter disclosed in the article."); *see also id.* at 455 ("[C]oauthors may not be presumed to be coinventors merely from the fact of coauthorship."); *Stern v. Trs. Of Columbia Univ.*, 2005 U.S. Dist. LEXIS 2418, *23 (S.D.N.Y. Feb. 18, 2005) ("Nothing in any version of the rhesus monkey paper demonstrates any contribution by Stern to the conception of '353 Patent."). *Yeda Research & Dev. Co. v. ImClone Sys.*, 443 F. Supp. 2d 570, 603 (S.D.N.Y. 2006) ("[T]he basis for listing scientists as authors of papers is altogether different from the legal basis for determining proper Inventorship.").

Further, Mr. Schulter testified that his contributions to the specifications were based on well-known standards. *See* Trial Tr. 01/02/2019 118:16-19 ("The arrangement, the data path was defined heavily in Max's spec of September, but most importantly in the ATM LANE standards where there was almost identical arrangement of elements."), *id.* at 127:6-11 ("The network, as it was described to me and what was outlined in Max's spec and what I later decided we should probably implement based on the LANE standard, to me that was not very complicated, and even simple in a couple of cases because it was much more contained than LANE, much simpler environment."), *id.* at 139:10-24 ("defining what the software components of the subsystem would be. . . [b]ased on my reading of Max's spec, my conversations with the team, and on my previous work emulating Ethernet over ATM . . . [b]ased on that standard. Also there are other standards for doing, for example, TCP/IP over ATM, there are IETF standards, so there are other standards involved in getting things over ATM. There's another ATM standard which I also

referenced called MPOA, multi-protocol over ATM, which specified not just Ethernet but other protocols as well"); *see also id.* at 118:13-119:1; 123:19-21; 127:6-28:4; 139:4-140:1.

Third, the evidence shows that "the use of a LAN server and a LAN proxy (albeit in their virtual forms) to perform the stated message modification and transmission functions are 'well-known principles or [] the state of the art' that would not entitle the contributor to inventor status." Dkt. 199 at 17 (quoting *Ethicon*, 135 F.3d at 1460); *see also e.g.*, Trial Tr. 01/02/2019 134:23–35:6 ("Q. What is the LAN proxy? Is that a physical device I can go buy or what is that actually? A. It's a piece of software. Q. Okay. And in terms of replacing MAC address, how many lines of software is that? A. Depending upon your buffer alignment, it could be one or two lines of code. Q. How hard is that to implement? A. Trivial"); *id.* at 118:13-119:1; 123:19-21; 127:6-28:4; 139:4-140:1; *Ethicon*, 135 F.3d at 1460 ("One who simply provides the inventor with well-known principles or explains the state of the art without ever having "a firm and definite idea" of the claimed combination as a whole does not qualify as a joint inventor." (citations omitted)); *id.* at 1463 ("Choi showed contribution to one of these alternative structures. The contributor of any disclosed means of a means-plus-function claim element is a joint inventor as to that claim, unless one asserting sole inventorship can show that the contribution of that means was simply a reduction to practice of the sole inventor's broader concept." (citation omitted)); *Sewall v. Walters*, 21 F.3d 411, 416 (Fed. Cir. 1994) ("The specification thus renders the presence of Sewall's alleged coinventive contributions, namely, the circuits that he designed, completely optional to the apparatus of the count. It also explicitly states that the design of those circuits is self-evident from their function. Thus, the specification itself indicates that one of ordinary skill in the art could construct the back projecting apparatus functionally described therein without unduly extensive research or experimentation."); *Caterpillar Inc. v. Sturman*

*Indus.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004) (holding that, to be a joint inventor "requires more than merely exercising ordinary skill in the art—a person will not be a co-inventor if he or she does no more than explain to the real inventors concepts that are well known in the current state of the art" (quotation omitted)).

Because Cisco failed to present clear and convincing evidence that Peter Schulter is an inventor of the '430 patent, and in fact the evidence shows that Egenera already named the correct inventors, the Court should grant JMOL as to no improper inventorship.

* * *

For the reasons explained above, the Court should grant JMOL that Cisco failed to meet its clear and convincing burden of proving its affirmative defense of improper inventorship.

Dated: January 3, 2019

Respectfully submitted,

By: */s/ John B. Campbell*

Mike McKool *(admitted pro hac vice)*
TX Bar No. 13732100
mmckool@mckoolsmith.com
Christopher T. Bovenkamp *(admitted pro hac vice)*
TX Bar No. 24006877
cbovenkamp@mckoolsmith.com
Avery R. Williams *(admitted pro hac vice)*
TX Bar No. 24075282
awilliams@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Fax: (214) 978-4044

John B. Campbell *(admitted pro hac vice)*
TX Bar No. 24036314
jcampbell@mckoolsmith.com
Kathy H. Li (*admitted pro hac vice*)
TX Bar No. 24070142
kli@mckoolsmith.com
James. E. Quigley (*admitted pro hac vice*)
TX Bar No. 24075810
jquigley@mckoolsmith.com
Jordan Z. Carson (*admitted pro hac vice*)
Texas State Bar No. 24101599
jcarson@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Fax: (512) 692-8744

David L. Evans (BBO #156695)
devans@murphyking.com
Steven M. Veenema (BBO #672097)
sveenema@murphyking.com
**MURPHY & KING, P.C.**
One Beacon Street, 21st Fl.
Boston, Massachusetts 02108-3107
Telephone: (617) 423-0400
Fax: (617) 423-0498

COUNSEL FOR PLAINTIFF EGENERA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document filed through the Electronic Case Filing ("ECF") system on January 3, 2019, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ John B. Campbell*
John B. Campbell