UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11613-RGS

EGENERA, INC.

v.

CISCO SYSTEMS, INC.

MEMORANDUM AND ORDER ON
MOTION FOR JUDGMENT AS A MATTER OF LAW
AND MOTION FOR A NEW TRIAL

December 15, 2022

STEARNS, D.J.

After a ten-day trial, a jury found that plaintiff Egenera, Inc. (Egenera) had not proven by a preponderance of the evidence that defendant Cisco Systems, Inc.'s (Cisco) Unified Computing System (UCS) product infringes claim 3 or claim 7 of United States Patent No. 7,231,430 (the '430 patent). Egenera seeks to overturn this verdict, moving for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), or for a new trial pursuant to Fed. R. Civ. P. 59. For the following reasons, the court will deny both motions.

## I.   Egenera's Motion for Judgment as a Matter of Law

Egenera argues that it is entitled to judgment as a matter of law because "the jury's verdict cannot be supported without misapplying the law." Mem. in Supp. of Mot. for J. as a Matter of Law (Dkt # 504) at 3.

Specifically, citing *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306 (Fed. Cir. 2003), Egenera maintains that the only basis on which the jury could have found non-infringement is by importing additional limitations into the claims.

The court disagrees. The jury was properly instructed to compare the UCS product to the language of the claims themselves (and not to consider the presence or absence of any additional features in assessing infringement), and unlike the situation in *Moba*, the record here provides ample basis to support the jury's findings under the plain language of the claims. For example, with respect to the programming step, Cisco witnesses testified that the central processing unit (CPU) is *not* programmed for the claimed purpose of establishing the specified virtual local area topology – *only* the network interface card (NIC) is.[1] Cisco witnesses similarly testified that the accused product does not practice the modifying or extracting elements for reasons tied directly to the claim language. While Egenera may have found this testimony unpersuasive rebuttal to the testimony of its own

---

[1] Egenera contends that Cisco misled the jury as to the legal meaning of comprising, improperly leaving the jury with the impression that, because the UCS product programs topology on the NIC, it could not also program topology on the CPU. But the jury was instructed prior to deliberation that comprising means "including the following but not excluding others," Trial Tr., Day 10 (Dkt # 496) at 193, and Egenera does not cite to any evidence suggesting the jury failed to understand or apply the court's definition.

expert, the fact that the jury did not weigh the evidence as Egenera might have wished does not mean that the jury improperly imported additional limitations from outside the claim language. The court accordingly will deny Egenera's Motion for Judgment as a Matter of Law.

## II.   Egenera's Motion for a New Trial

Egenera raises four arguments in support of its Motion for a New Trial. Because none of these arguments carry the day, the court will deny the motion.

### A. Alleged Violations of the Court's Motion in Limine Rulings

Egenera first contends that Cisco violated the court's rulings on certain motions in limine during closing argument. In light of Egenera's failure to object to the alleged improper arguments,[2] the court's review is for plain error only.

---

[2] Egenera suggests that it was effectively precluded from objecting during the closing by the court's practice of not having sidebars and/or by rules of "professionalism and decorum." Reply in Supp. of Mot. for a New Trial (Dkt #517) at 1. Egenera did not have any difficulty lodging objections at other times during the trial, so the court does not credit the first suggestion. As to the second, even assuming that Egenera felt constrained to not interrupt opposing counsel mid-argument, it does not explain why it did not bring its objections to the court's attention once Cisco's counsel had finished.

Based on its review of the parties' arguments and the record, the court is not convinced that any plain error occurred. The relevant pretrial motion in limine rulings were as follows:

- Testimony, argument, or reference to the absence of any witnesses who do not appear at trial are precluded.

- Cisco is precluded from referring to Egenera as a non-practicing entity or a patent troll.

- The parties are precluded from making any arguments that large companies infringe patents, or that non-practicing entities bring baseless claims. Each party may introduce evidence regarding its own business and the business of the other party.

- ELECTRONIC ORDER entered granting 406 Motion in Limine #7 to exclude references to the parties' ability to finance the current litigation.

July 22, 2022 Order (Dkt # 431); July 21, 2022 Order (Dkt # 412).

As to the first, Mr. Thompson *did* appear at trial, which either places him outside the scope of the ruling or at least provides enough ambiguity that the court cannot deem the alleged transgression as plain error. As to the second, Egenera does not suggest that Cisco expressly called Egenera a "non-practicing entity" or a "patent troll" during its closing argument. It instead contends that Cisco effectively implied that Egenera is a non-practicing entity or patent troll (although does not explain in any convincing way how this implication was conveyed in terms the jury would have understood). The court cannot say that, even if an error occurred, it was plain. As to the

4

third and fourth rulings, even assuming an error occurred, there is sufficient ambiguity regarding the language used that the court cannot say that any alleged error was plain.

In any event, even if the alleged errors were plain, Egenera has not shown that any of them was prejudicial. The court instructed the jury to compare Cisco's product to the language of the claims, and the jury's questions during the deliberations indicate that it followed these instructions and properly focused on whether Cisco's product met each and every limitation of claims 3 and 7 of the '430 patent. *See* Jury Questions A, B, & C (Dkt # 482). There is no reason to think the jury was improperly swayed by emotive allusions or sotto voce insinuations.

### B. Alleged Improper Lay Witness Testimony

Egenera also contends that Cisco elicited improper expert testimony from two of its lay witnesses during trial. But Egenera waived this argument by failing to raise any relevant objection during the examination of either witness.[3] Nor can Egenera show prejudice. It opened the door to the

---

[3] An objection was necessary to preserve the challenge. While it is true that the court denied Egenera's motion to exclude the opinions of these witnesses, it did so only because "the opinion testimony is relevant to intent and knowledge for purposes of defending the willful infringement and indirect infringement claims." July 21, 2022 Order (Dkt # 411). The court did not authorize the witnesses to offer expert opinions, so the burden was on Egenera to lodge an *Omega* objection at the appropriate time.

testimony of Mr. Jayakrishnan by asking him about the '430 patent, and by Egenera's own account, much of what Mr. Dvorkin attested to simply "mirrored" the testimony of Mr. Jayakrishnan. Mem. in Supp. of Mot. for a New Trial (Dkt # 507) at 9.

### C. Failure to Include a Jury Instruction on Earlier Patents

Egenera next focuses on the court's decision not to include a jury instruction explicitly stating that a product can infringe an earlier patent even if it is also covered by a later patent. It argues that this omission left the jury "unaware that the existence of Cisco's own patents did not preclude or otherwise 'automatically negate infringement.'" *Id.* at 14, quoting *Glaxo Wellcom, Inc v. Andrx Pharms.*, 344 F.3d 1226, 1233 (Fed. Cir. 2003). The court disagrees that the requested instruction was necessary to ensure the jury did not robotically assume non-infringement. Prior to the deliberations, the court instructed the jurors that (1) what mattered for infringement purposes was whether the product met all elements of the claims themselves (*i.e.*, not whether it was subject to any other patents); and (2) the presence

---

Egenera's midtrial motion to prevent Mr. Jayakrishnan from testifying about demonstrative PX-BJM does not satisfy this requirement. The subject matter of that motion was significantly narrower than what Egenera now asserts, and in any event, the court denied the motion based on waiver and untimeliness. *See* August 10, 2022 Order (Dkt # 468). An untimely objection does not suffice to preserve a challenge to witness testimony.

of additional features would not defeat a showing of infringement. These instructions sufficiently conveyed the fact that a product can infringe an earlier patent even if it is the subject of a later patent.

### D. Failure to Include a Curative Jury Instruction on Copying

Egenera lastly maintains that the court's statement to the venire during empanelment that to infringe essentially means to copy without permission, combined with the failure to provide a curative jury instruction, prejudiced the jury to such a degree that a new trial is warranted. The court disagrees that the requested "curative" instruction was necessary. In the first instance, Egenera confuses introductory remarks made to the venire during the winnowing down of prospective jurors with the formal instructions given to the actual jury once seated. With respect to the seated jury, the court did not repeat its generic description of infringement. Rather, the court instructed the jurors, once sworn by the court, that (1) nothing the court said or did during any phase of the trial should influence their ultimate decision on the merits; (2) what mattered for infringement purposes was whether the accused product met all elements of the claims themselves (*i.e.*, not any preferred embodiment); and (3) a party could infringe a patent even if it did not know the patent existed. These instructions were sufficient to convey the concept that literal copying is not required for infringement liability.

## ORDER

For the foregoing reasons, Egenera's Motion for Judgment as a Matter of Law is <u>DENIED</u> and Egenera's Motion for a New Trial is also <u>DENIED</u>.

                            SO ORDERED.

                            <u>/s/ Richard G. Stearns</u>
                            UNITED STATES DISTRICT JUDGE